# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX
-----------------------------------------------------------
ANDREW STATUTO,

                Plaintiff,

-against-

NIKE, INC.; JOHN DOES (1-10); JANE DOES (1-10); XYZ CORP., INC. (1-10);

                Defendants.
-----------------------------------------------------------

INDEX NO.:

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**    Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005

    **YOU ARE HEREBY SUMMONED** to answer the Complaint of the Plaintiff, Andrew Statuto (hereinafter referred to as "Plaintiff"), in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer on the undersigned attorneys for the Plaintiff within twenty (20) days after service of the Summons and Complaint, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York.)

    In the event of your failure to answer the Complaint of the Plaintiffs, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, NY
       January 26, 2023

                                          /s/Eric J. Warner
                                          Eric J. Warner, Esq.
                                          Attorney for Plaintiff
                                          5 Penn Plaza, 19th FLOOR–#19113
                                          New York, New York 10001
                                          (201) 403-5937
                                          (877) 360-0508 (fax)

1

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX

-----------------------------------------------------------

ANDREW STATUTO,

              Plaintiff,

-against-

NIKE, INC.; JOHN DOES (1-10); JANE DOES (1-10); XYZ CORP., INC. (1-10);

              Defendants.

-----------------------------------------------------------

INDEX NO.:

**COMPLAINT and JURY DEMAND**

Plaintiff, Andrew Statutot ("Plaintiff"), by his attorneys, the Law Office of Eric J. Warner, LLC and the Law Office of Robert A. Tandy, LLC., by way of Complaint against the Defendants, Nike, Inc.; John Does (1-10); Jane Does (1-10); and XYZ Corp., Inc. (1-10), alleges as follows:

### NATURE OF ACTION AND VENUE

1. This is an action for damages brought against Defendants, Nike, Inc.; John Does (1-10); Jane Does (1-10); and XYZ Corp., Inc. (1-10) by Plaintiff pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for claims of discrimination on the basis of Plaintiff's disability (failure to engage in an interactive dialogue and failure to accommodate).

2. Venue lies in the County of Bronx as Plaintiff resides in Bronx, New York.

3. Plaintiff was an "employee" of Defendant entitled to protection within the meaning of the NYSHRL and the NYCHRL.

2

4. Defendant, Nike, Inc. was Plaintiff's "employer" within the meaning of the NYSHRL and the NYCHRL.

5. At all times relevant, XYZ Corp, Inc. (1-10) was/were Plaintiff's "employer(s)" within the meaning of the NYSHRL and the NYCHRL.

6. At all times relevant, John Does (1-10) and Jane Does (1-10) were supervisory individuals employed by Defendant Nike, Inc.

## STATEMENT OF FACTS

7. Plaintiff, a United States Army veteran, suffers from anxiety and post-traumatic stress disorder as a result of his military combat in Iraq.

8. In or around 2014, Plaintiff commenced employment with Defendant in the position of Lead Supervisor at Defendant's Paramus, New Jersey store.

9. Between 2014 and 2017, Plaintiff performed the essential functions of his job duties and Plaintiff met and/or exceeded Defendant's legitimate business expectations in the performance of his job duties.

10. In or around 2017, Plaintiff was transferred to Defendant's store located at 40-24 College Point Boulevard, Queens, New York in the position of Lead of Operations for the store.

11. In that position, Plaintiff was responsible for performing all tasks including, but not limited to, interviewing potential hires, training new hires and existing staff, cash management, organization of all store records.

12. Plaintiff served in the position of Lead of Operations for approximately two years.

13. During his tenure as Lead of Operations and Back of House, Plaintiff

performed the essential functions of his job duties and met and/or exceeded Defendant's legitimate business expectations in the performance of his duties.

14. In or around July 2019, Plaintiff became "Coach" of Back of the House.

15. In that position, Plaintiff was responsible for all shipping and receiving responsibilities.

16. In or around October 2019, Plaintiff began suffering from an "Unknown" respiratory illness wherein he experienced difficulty breathing, shortness of breath, a persistent cough and a fever, which symptoms lasted for several months.

17. Plaintiff was out of work for approximately two weeks and returned to work in November 2019.

18. Plaintiff's difficulty breathing, shortness of breath, persistent cough, and fluctuations of a fever continued throughout November into December 2019.

19. On or about December 19, 2019, in response to Plaintiff requesting a second medical leave, Plaintiff's supervisor, Gerald Seymour, advised Plaintiff "You can't be that sick."

20. Plaintiff, however, was that sick and took a second leave of absence between December 19, 2019 and February 12, 2020.

21. On or about March 16, 2020, Defendant temporarily closed its store as a result of COVID-19 and reopened on or about September 9, 2020.

22. As Plaintiff was still experiencing symptoms of his respiratory illness from earlier in the year, Plaintiff's underlying anxiety worsened and grew increasingly anxious about COVID-19 preventing Plaintiff from working on the day shift.

23. As a result, Plaintiff transferred to the night shift, where there were less

4

employees to interact with on a daily/nightly basis.

24. Between September 9, 2020 and January 15, 2021, Plaintiff performed the essential functions of his job duties and Plaintiff met and/or exceeded Defendant's legitimate business expectations in the performance of his job duties.

25. On or about January 16, 2021, Plaintiff commenced a vacations and was due to return to work on January 24, 2021.

26. On or about January 18, 2021, while on vacation, Plaintiff had an emergency appendectomy.

27. As a result, Plaintiff went on a leave of absence from January 18, 2021 to March 1, 2021.

28. When Plaintiff returned to work, his supervisor advised him that his attendance was an issue and further absences would result in termination.

29. On or about March 25, 2021, Plaintiff experienced excruciating pains in his side and had to call out of work for the overnight shift on March 25, and March 26.

30. On or about March 26, 2021, Plaintiff was diagnosed with and suffered from kidney stones at Flushing Hospital Medical Center.

31. As a result of his diagnosis and treatment, Plaintiff had to call out of work on March 26, 2021.

32. On or about March 27, 2021, Plaintiff returned to work; and, as a result of his excruciating pain, requested to leave work early.

33. Plaintiff called out of work on March 28, 2021 and was scheduled off on March 29 and March 30.

34. On or about March 31, 2021, Plaintiff's supervisor advised Plaintiff that the

company was moving to terminate his employment.

35. On or about April 23, 2021, Defendant terminated Plaintiff's employment.

36. At the time of his termination of employment, Plaintiff had approximately 180 hours of accrued PTO time.

37. Defendants failed to engage in an interactive and/or cooperative dialogue with Plaintiff to determine if there was anything Defendant could do to accommodate Plaintiff's medical conditions.

38. Defendants failed to accommodate Plaintiff in order to assist him in performing the essential functions of his job.

39. Despite being qualified for and performing the essential functions of his employment, Defendant's decision to terminate Plaintiff's employment was motivated by a discriminatory animus on the basis of Plaintiff's disabilities.

40. As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of self-esteem; disruption of his family life; physical and mental pain; emotional trauma and distress; physical manifestations of pain and suffering; and other irreparable harm.

## FIRST CLAIM AGAINST DEFENDANTS

**(Disability Discrimination under the NYSHRL)**

41. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's disability as defined by said

statute.

43. At all times relevant, Plaintiff suffers/suffered from a disability protected under the law.

44. At all times relevant, Plaintiff treated with a medical/healthcare provider for his disabilities.

45. Plaintiff was qualified for and performed the essential functions of his position.

46. Defendant failed to offer and/or allow a reasonable accommodation for Plaintiff's medical condition/disability.

47. Defendant failed to engage in an interactive dialogue with Plaintiff.

48. Defendant terminated Plaintiff's employment as a result of his disability.

49. Despite being qualified for and performing the essential functions of his employment, Defendants' decision to terminate Plaintiff's employment was motivated by a discriminatory animus on the basis of Plaintiff's disability.

50. It shall also be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

51. Defendants John Does (1-10) and Jane Does (1-10) engaged in an unlawful discriminatory practice by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

52. As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of

7

self-esteem; disruption of his family life; physical and mental pain; emotional trauma and distress; physical manifestations of pain and suffering; and other irreparable harm.

53. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL and are thereby liable to Plaintiff for compensatory and punitive damages under the NYSHRL.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For Consequential damages; and

I. For such other and further relief as the Court deems just and proper.

## SECOND CLAIM AGAINST DEFENDANT

### (Disability Discrimination under the NYCHRL)

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's disability as defined by said statute.

56. At all times relevant, Plaintiff suffers/suffered from a disability protected under the law.

57. At all times relevant, Plaintiff treated with a medical/healthcare provider for his disabilities.

58. Plaintiff was qualified for and performed the essential functions of his position.

59. Defendant failed to offer and/or allow a reasonable accommodation for Plaintiff's medical condition/disability.

60. Defendant failed to engage in an interactive dialogue with Plaintiff.

61. Defendant terminated Plaintiff's employment as a result of his disability.

62. Despite being qualified for and performing the essential functions of his employment, Defendants' decision to terminate Plaintiff's employment was motivated by a discriminatory animus on the basis of Plaintiff's disability.

63. It shall also be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

9

64. Defendants John Does (1-10) and Jane Does (1-10) engaged in an unlawful discriminatory practice by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

65. As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer substantial loss of income; diminishment of career opportunity; loss of self-esteem; disruption of his family life; physical and mental pain; emotional trauma and distress; physical manifestations of pain and suffering; and other irreparable harm.

66. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYCHRL and are thereby liable to Plaintiff for compensatory and punitive damages under the NYCHRL.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For Consequential damages; and

10

  I. For such other and further relief as the Court deems just and proper.

## THIRD CLAIM AGAINST DEFENDANT

### (Intentional Infliction of Emotional Distress)

  67. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

  68. Defendant, by the actions described herein exhibited extreme and outrageous conduct.

  69. In undertaking the aforementioned actions, Defendant intended to cause Plaintiff severe emotional distress.

  70. The aforementioned conduct has caused Plaintiff severe emotional distress and mental anguish.

  71. As a proximate cause of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages.

  **WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

  A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

  B. For compensatory damages;

  C. For punitive damages;

  D. For emotional distress damages;

  E. For physical manifestations of pain and suffering;

    F.    For attorneys' fees and costs of this action;

    G.    For interest at the maximum legal rate on all sums awarded;

    H.    For Consequential damages; and

    I.    For such other and further relief as the Court deems just and proper

**LAW OFFICE OF ROBERT A. TANDY, LLC**
Co-Counsel for Plaintiff

By: /s/Robert A. Tandy
Robert A. Tandy, Esq.
Law Office of Robert A. Tandy, LLC
50 Tice Boulevard
Suite 250
Woodcliff Lake, NJ 07677
Phone: (201) 474-7103
Fax: (201) 474-7103
Email: rtandy@tandylaw.com

Dated: January 26, 2023

**LAW OFFICE OF ERIC J. WARNER, LLC**
Co-Counsel for Plaintiff

By: /s/Eric J. Warner
Eric J. Warner
LAW OFFICE OF ERIC J. WARNER, LLC
24 Commerce Street, 12th Floor
Newark, NJ 07102
Phone: (201) 403-5937
Fax: (877) 360-0508
Email: eric@ejwlawfirm.com

Dated: January 26, 2023

13