**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDREW STATUTO,

                              **Plaintiff,**

              -against-                                    **23-cv-1788 (ALC)**

NIKE, INC.                                                 **OPINION & ORDER**

                              **Defendant.**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Andrew Statuto brings this action against Defendant, NIKE, Inc. ("NIKE") for

disability discrimination in violation of the New York State Human Rights Law Executive Law,

§ 292(21) ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), N.Y.C.

Admin. Code § 8-102.  Defendant moves to dismiss Plaintiff's Amended Complaint (ECF No.

15) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that

follow, Defendant's motion is **DENIED.**

**BACKGROUND**

When determining whether to dismiss a case, the Court accepts as true all well-pleaded

factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.

*Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The following facts alleged in the

Amended Complaint are thus assumed to be true for the purposes of this motion.

Plaintiff is a United States Army veteran, who suffers from anxiety and post-traumatic

stress disorder as a result of his military combat in Iraq.  Amend. Compl. ¶ 5.  Plaintiff began his

employment with NIKE as Lead Supervisor at the Paramus, New Jersey Store in or around 2014.

*Id.* at ¶ 6.  Plaintiff alleges that between 2014 and 2017, he performed the essential functions of

1

his position and exceeded NIKE's legitimate business expectations in the performance of his duties. *Id*. ¶ 7. In 2017, Plaintiff transferred to the College Point, Queens location where he was the Lead of Operations for the store until he became Coach of Back of House in July 2019. *Id*. ¶¶ 8, 10-12.

In or around October 2019, Plaintiff began experiencing a chronic respiratory illness for several months. *Id*. ¶¶ 14-19. Plaintiff experienced difficulty breathing, shortness of breath, persistent cough and fever. *Id*. ¶ 14. In November 2019, Plaintiff was out of work for approximately two weeks. *Id*. ¶ 15. When he returned to work, he continued to experience the same condition. *Id*. ¶ 16. On December 19, 2019, Plaintiff requested another leave of absence. *Id* ¶ 17. Plaintiff's supervisor, Gerald Seymour, told Plaintiff "You can't be that sick." *Id*. Plaintiff was granted a leave of absence from December 19, 2019 until February 12, 2020. *Id*. ¶ 19.

Shortly after Plaintiff returned to work, on or about March 16, 2020, NIKE temporarily closed its store as a result of COVID-19 and reopened on or about September 9, 2020. *Id*. ¶ 20. As Plaintiff was still experiencing symptoms of his chronic respiratory illness, and his underlying anxiety disorder worsened, he was concerned about contracting COVID-19 if he worked on the day shift. *Id*. ¶ 21. In September 2020, Plaintiff transferred to the night shift, where there were less employees to interact with on a daily basis, due to his increased risk of serious illness from contracting COVID-19. *Id*. ¶¶ 21-22. On January 16, 2021, Plaintiff took a vacation. *Id*. ¶ 24. However, on January 18, 2021, while on vacation, Plaintiff had an emergency appendectomy. *Id*. ¶ 25. Plaintiff thereafter went on a leave of absence until March 1, 2021. *Id*. ¶ 26. Plaintiff's supervisor told him that his attendance was an issue and additional absences would result in termination. *Id*. ¶ 27.

On March 25, 2021, Plaintiff experienced pain and called out of work for the overnight shift on March 25 and 26, 2021.  *Id*. ¶¶ 28-29.  Plaintiff was diagnosed with kidney stones on March 26, 2021.  *Id*. ¶ 29.  Plaintiff returned to work on March 27, 2021 but asked to leave early because he experienced excruciating pain.  *Id*. ¶ 31. Plaintiff called out of work on March 28, 2021 and was not scheduled to return to work until March 31, 2021.  *Id*. ¶¶ 32-33.  On or about March 31, 2021, Plaintiff's supervisor told Plaintiff that the company was moving to terminate his employment and on April 23, 2021, NIKE terminated Plaintiff as a result of the cumulative effect of his leaves of absence arising out of his chronic respiratory illness, coupled with emergency appendectomy and kidney stones.  *Id*. ¶¶ 33-34.  At the time of his termination, Plaintiff alleges that he had 180 hours of accrued paid time off (PTO), and NIKE did not engage with Plaintiff to accommodate his medical conditions.  *Id*. ¶¶ 35-36.

## PROCEDURAL HISTORY

Plaintiff commenced this action in the Supreme Court of the State of New York County of Bronx on January 26, 2023, and Defendant filed a Notice of Removal of the within action to the United States District Court of the Southern District of New York on March 1, 2023.  ECF No. 1.  Plaintiff filed his first amended complaint on May 29, 2023.  ECF No. 15.  NIKE moved to dismiss the first amended complaint on July 19, 2023.  ECF No. 20.  Plaintiff filed his Opposition on August 18, 2023.  ECF No. 22.  NIKE filed its Reply brief on September 13, 2023.  ECF No. 25.  This motion is fully briefed.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."

*Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted).  Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## DISCUSSION

### I.   Plaintiff's Claims Are Not Time-Barred

Defendant argues that because Plaintiff commenced this action on January 26, 2023, any claim that accrued before January 26, 2020 is time-barred.  It is well established that the statute of limitations for plaintiff's NYSHRL and NYCHRL claims is three years.  *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin Code § 8-502.  Each failure to accommodate a request for accommodations is a discrete act for statute of limitations purposes.  *See Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016).  In *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003), the Second Circuit emphasized that the statute of limitations analysis in a failure to accommodate case should "focus[] on the acts of the employer" rather than the "effect on the employee." *Id.* at 135.  Applying this method of analysis, the *Elmenayer* Court noted that "the rejection of a proposed accommodation is a single completed action when taken . . . . [a]lthough the *effect* of the employer's rejection continues to be felt by the employee for as long as he remains employed." *Id.*

Here, Plaintiff alleges that NIKE's failure to engage in the interactive process prior to his termination on April 23, 2021 was due to disability discrimination.  Any requests for accommodation occurring before January 26, 2020 are time barred, but because the adverse employment action occurred within the three-year statutory period, all of Plaintiff's NYSHRL and NYCHRL claims are not time-barred.  The Court may consider evidence of Plaintiff's underlying medical conditions, previous leaves of absence sought and accommodations granted or denied by NIKE in October and November 2019, and even his supervisor's comment that "You can't be that sick," although they occurred outside of the statutory period.  *See Giannattasia v. City of New York*, 2011 U.S. Dist. LEXIS 113636, *15-16 (E.D.N.Y., Sept. 21, 2011) (noting that "[t]he litigation landscape is . . . broader" and that even though "Plaintiff cannot pursue relief for her untimely requests, [] she may still use her pre-statutory period requests as evidence to prove [employer's] discriminatory conduct within the statutory period.")).

Plaintiff has adequately pleaded that his claim, which hinges on his April 23, 2021 termination by NIKE, is not time-barred.

**II.      Plaintiff Adequately Pleaded Claims of Disability Discrimination and Failure to Accommodate**

To state a prima facie case of disability discrimination for failure to reasonably accommodate under the NYSHRL and NYCHRL, the complaint must allege that (1) the employee has a disability under the relevant statute, (2) an employer covered by the statute had notice of [his] disability, (3) with reasonable accommodations, [h]e could perform the essential functions of [his] job, and (4) [his] employer refused to make such accommodations." *Urena v. Swiss Post Sols., Inc.*, No. 16-CIV-1998 (LGS), 2016 U.S. Dist. LEXIS 128856, at *2 (S.D.N.Y. Sept. 21,

2016) (citation omitted).  The Second Circuit has held that at a minimum, "employment

discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if

pleading a *prima facie* case is not required."  *Hedges v. Town of Madison*, 456 F. App'x 22, 23

(2d Cir. 2012) (summary order).  Although "a complaint need not establish a *prima facie* case of

employment discrimination[, it] must be facially plausible and must give fair notice to the

defendants of the basis for the claim." *Munoz-Nagel v. Guess, Inc*., No. 12 Civ. 1312 (ER), 2013

U.S. Dist. LEXIS 61710, at *4 (S.D.N.Y. Apr. 30, 2013) (quoting *Barbosa v. Continuum Health

Partners, Inc*., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010)).

Plaintiff has adequately pleaded that he is a person with a disability.  Under the NYSHRL,

the definitions of disability include: (1) physical, mental, or medical impairment resulting from

anatomical, physiological, genetic, or neurological conditions which prevents the exercise of

normal bodily function or is demonstrable by medically accepted clinical or laboratory

diagnostic technique; or (2) a record of such impairment; or (3) a condition regarded by others as

such an impairment, provided, however, that in all provisions of this article dealing with

employment, the term shall be limited to disabilities which, upon the provision of reasonable

accommodations, do not prevent the complainant from performing in a reasonable manner the

activities involved in the job or occupation sought or held. N.Y. Exec. Law § 292(21). The

NYCHRL defines disability as "any physical, medical, mental, or psychological impairment, or a

history or record of such impairment." N.Y.C. Admin. Code § 8-102.  Those categories

encompass "[a]n impairment of any system of the body, including, but not limited to, the

neurological system; the musculoskeletal system; the special sense organ and respiratory organs,

including, but not limited to, speech organs; the cardiovascular system; the reproductive system;

the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological

systems; the skin; and the endocrine system[] or [a] mental or psychological impairment." *Id*. The NYSHRL and NYCHRL have a broader definition of disability than does the ADA; neither requires any showing that the disability substantially limits a major life activity. *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 542 (S.D.N.Y. 2009).

Plaintiff's chronic respiratory illness and cumulative serious health disorders, which included an emergency appendectomy and kidney stones, qualify as a disability under the NYSHRL and NYCHRL.  Am. Compl. ¶ 56.  Moreover, NIKE was on sufficient notice of this disability, as demonstrated by the accommodations it provided Plaintiff throughout the duration of his employment: his leave of absence from December 19, 2019 until February 12, 2020 because of his respiratory illness, his request in September 2020 to be transferred to the night shift due increasing anxiety of contracting COVID-19, his leave of absence from January 18, 2021 to March 1, 2021 because of an emergency appendectomy on vacation, and his calling out of work and asking to leave early because of kidney stones between March 25, 2021 and March 31, 2021. *Id.* ¶¶ 15-16, 21-22, 25-26, 28-32.  *See Arazi v. Cohen Bros. Realty Corp.*, No. 1:20-cv-8837-GHW, 2022 U.S. Dist. LEXIS 56549, at *17-18 (S.D.N.Y. Mar. 28, 2022) (finding that Plaintiff adequately pleaded she was a person with a disability and that she stated a claim for disability discrimination under the NYSHRL and NYCHRL when employer failed to offer an accommodation that could mitigate her risk of contracting COVID-19).

Plaintiff also alleges that he performed the essential functions of his job duties and Plaintiff met and/or exceeded Defendant's legitimate business expectations in the performance of his job duties when provided with reasonable accommodations.  *Id.* ¶¶ 7, 11, 23.  Notably, the only instance in which NIKE expressed concern regarding Plaintiff's performance during his seven years of employment was after his return to work after an emergency appendectomy in March

2021, where his supervisor advised him that his attendance was an issue and further absences would result in termination.  *Id.* ¶ 27.

Finally, Plaintiff has properly alleged that he suffered an adverse employment action when NIKE ultimately terminated him because of disability-related absences. "An adverse employment action is a 'materially adverse change in the terms and conditions of employment,' which can include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities,' among other possibilities." *Adams v. Festival Fun Parks, LLC*, 560 F. App'x 47, 49 (2d Cir. 2014) (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004)).  Here, Plaintiff alleges that had it not been for Plaintiff's necessary leaves of absence for his chronic respiratory illness, Plaintiff would not have been accused of excessive absenteeism. Moreover, he argues that but for his chronic respiratory illness which necessitated accommodation, Defendant would not have terminated Plaintiff simply for requiring leave for an emergency appendectomy and kidney stones.  At the time of his termination, Plaintiff had over 180 hours of accrued paid time off, and NIKE failed to engage in an interactive dialogue with Plaintiff to determine if there was anything NIKE could do to accommodate Plaintiff's medical conditions.

When drawing all reasonable inferences in Plaintiff's favor, NIKE's decision to fire Plaintiff was motivated, in part, by discriminatory animus.  This is supported by the allegations that Plaintiff's supervisor remarked "You can't be that sick" after he requested a second medical leave, and that after his third leave of absence, his supervisor advised him that attendance was an issue and further absences would result in termination.  Am. Compl. ¶¶ 17, 27.  These allegations give plausible support to a minimal inference of discriminatory motivation and are sufficient for

the Amended Complaint to survive a motion to dismiss.  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2014) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation.")).

## CONCLUSION

When viewing the facts in the light most favorable to Plaintiff, the Court finds that the Amended Complaint adequately states a claim of disability discrimination under the NYSHRL and NYCHRL.  Defendant's motion to dismiss the Amended Complaint (ECF No. 20) under Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.  Plaintiff is **GRANTED** leave to file an amended complaint, adding his requested hostile work environment claim if he so chooses, by April 12.

The Clerk of Court is directed to close the open motion at ECF No. 20.

**SO ORDERED.**

**Dated: March 29, 2024**
**New York, New York**

_____
   **HON. ANDREW L. CARTER, JR.**
   **United States District Judge**

9